## STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**ELAINE WYKLE,**
**Claimant Below, Petitioner**

**vs.)    No. 20-0673** (BOR Appeal No. 2055122)
                    (Claim No. 2019013022)

**BECKLEY APPALACHIAN REGIONAL HEALTHCARE,**
**Employer Below, Respondent**


## MEMORANDUM DECISION

Petitioner Elaine Wykle, by Counsel Lori J. Withrow, appeals the decision of the West Virginia Workers' Compensation Board of Review ("Board of Review"). Beckley Appalachian Regional Healthcare, by Counsel Charity K. Lawrence, filed a timely response.

The issue on appeal is compensability. The claims administrator rejected the claim for carpal tunnel syndrome on March 5, 2019. The Workers' Compensation Office of Judges ("Office of Judges") affirmed the decision in its February 11, 2020, Order. The Order was affirmed by the Board of Review on July 30, 2020.

The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

The standard of review applicable to this Court's consideration of workers' compensation appeals has been set out under W. Va. Code § 23-5-15, in relevant part, as follows:

(b) In reviewing a decision of the board of review, the supreme court of appeals shall consider the record provided by the board and give deference to the board's findings, reasoning and conclusions.

(c) If the decision of the board represents an affirmation of a prior ruling by both the commission and the office of judges that was entered on the same issue in

1

the same claim, the decision of the board may be reversed or modified by the Supreme Court of Appeals only if the decision is in clear violation of Constitutional or statutory provision, is clearly the result of erroneous conclusions of law, or is based upon the board's material misstatement or mischaracterization of particular components of the evidentiary record. The court may not conduct a de novo re-weighing of the evidentiary record.

*See Hammons v. W. Va. Off. of Ins. Comm'r,* 235 W. Va. 577, 582-83, 775 S.E.2d 458, 463-64 (2015). As we previously recognized in *Justice v. West Virginia Office Insurance Commission*, 230 W. Va. 80, 83, 736 S.E.2d 80, 83 (2012), we apply a de novo standard of review to questions of law arising in the context of decisions issued by the Board. *See also Davies v. W. Va. Off. of Ins. Comm'r*, 227 W. Va. 330, 334, 708 S.E.2d 524, 528 (2011).

Ms. Wykle, a cardiopulmonary rehabilitation technician, alleges that she developed carpal tunnel syndrome in the course of and resulting from her employment. On September 17, 2013, Richard Wisman, M.D., Ms. Wykle's treating physician, noted that she suffered from hypertension, hyperlipidemia, and ankle pain. On January 21, 2014, she was seen for chest pain and palpitations. Ms. Wykle returned on June 2, 2015, for swelling in her feet and legs. It was noted that her blood pressure had been elevated.

Ms. Wykle sought treatment from Ivan Chernev, M.D., on June 3, 2015, for pain and numbness in her upper extremities. She reported that the symptoms began in 2008 and gradually worsened. Dr. Chernev diagnosed carpal tunnel syndrome. A bilateral upper extremity EMG was performed on June 4, 2015, and showed that Ms. Wykle had moderate to severe median neuropathy in the left wrist and mild to moderate median neuropathy in the right wrist.

On September 9, 2015, Parkash Puranik, M.D., noted that Ms. Wykle reported left wrist pain and diagnosed carpal tunnel syndrome. Ms. Wykle submitted a September 21, 2015, Appalachian Regional Healthcare job description for a cardiopulmonary rehabilitation specialist which indicates the job requires administering respiratory treatments, monitoring patients, recording vitals, and maintaining equipment.

In a September 30, 2015, progress note, Deanne Grim, physician's assistant to Dr. Wisman, noted that Ms. Wykle was seen for follow up for hypertension because her blood pressure had been elevated recently. She was diagnosed with hypertension and hyperlipidemia. Ms. Wykle returned to Dr. Wisman on March 3, 2016, and reported increased pain in the left wrist. On September 14, 2016, Ms. Wykle was diagnosed with hip pain, lumbago, hypertension, and hyperlipidemia. Ms. Wykle reported bilateral wrist pain, worse on the left, on June 22, 2017. On October 30, 2017, it was noted that Ms. Wykle was seen for follow-up for a left knee arthroscopy. It was noted that she had degenerative joint disease. On January 4, 2018, Dr. Wisman diagnosed generalized osteoarthritis.

On May 3, 2018, Georgianna Richards, M.D., diagnosed bilateral carpal tunnel syndrome and left hand paresthesia. Ms. Wykle returned to Dr. Wisman on July 30, 2018, and the diagnoses remained hypertension, primary generalized osteoarthrosis, and carpal tunnel syndrome. An EMG

2

showed evidence of carpal tunnel syndrome which was moderate on the right and severe on the left on December 4, 2018.

The December 11, 2018, Employees' and Physicians' Report of Injury indicates Ms. Wykle alleged that she developed carpal tunnel syndrome as a result of her employment. The physician's section lists the diagnosis as bilateral carpal tunnel syndrome due to an occupational injury. Ms. Wykle completed a carpal tunnel questionnaire on January 2, 2019, in which she stated that her job duties are monitoring and hooking up patients and taking manual blood pressure readings more than thirty times a day.

A Carpal Tunnel Syndrome Physician Form was completed on January 8, 2019, and indicates Ms. Wykle was diagnosed with carpal tunnel syndrome in 2015. Ms. Wykle had no prior hand, wrist, neck, or back injuries. It was noted that an EMG confirmed the diagnosis of carpal tunnel syndrome. Splinting, injections, and surgery were recommended.

Ms. Wykle returned to Dr. Wisman on January 28, 2019, for follow up for hypertension, degenerative joint disease, and osteoarthritis. It was noted that she was awaiting authorization for left carpal tunnel syndrome surgery. The claims administrator rejected the claim on March 5, 2019. On April 29, 2019, Dr. Wisman listed the diagnoses as hypertension, hyperlipidemia, carpal tunnel syndrome, primary generalized osteoarthritis, degenerative joint disease, and osteoarthritis.

Ms. Wykle testified in a deposition on June 27, 2019, that her job requires her to hook people up to a heart monitor, which requires a twisting motion. Ms. Wykle also takes blood pressure readings and types on a computer. Ms. Wykle works eight hours a day, five days a week. Ms. Wykle stated that when she took manual blood pressure readings, she had to switch from her right hand to her left because of shooting pain. She had used an electric blood pressure cuff since 2015. She asserted that she sees over one hundred patients a week. Ms. Wykle admitted that she broke a bone in her wrist ten years prior but stated that she fully recovered from the injury.

Marsha Bailey, M.D., performed an Independent Medical Evaluation on October 22, 2019, in which she opined that Ms. Wykle clearly has bilateral carpal tunnel syndrome. However, the condition is not related to her work duties. Dr. Bailey stated that Ms. Wykle has strong risk factors for carpal tunnel syndrome including obesity, a history of a right wrist fracture, and osteoarthritis.

The Office of Judges affirmed the claims administrator's rejection of the claim on February 11, 2020. It found Dr. Bailey's opinion to be the most reliable of record. She asserted that Ms. Wykle has carpal tunnel syndrome but that the condition is unrelated to her work duties. Ms. Wykle has several risk factors for carpal tunnel syndrome including obesity, osteoarthritis, and a history of a right wrist fracture. The Office of Judges concluded that Dr. Bailey's opinion is supported by the evidence of record, which confirms Ms. Wykle's risk factors. The Office of Judges further concluded that Ms. Wykle's treating physicians failed to properly consider the nonoccupational risk factors for carpal tunnel syndrome set forth in West Virginia Code of State Rules § 85-20-41.2. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on July 30, 2020.

After review, we agree with the reasoning and conclusions of the Office of Judges as affirmed by the Board of Review. For an injury to be compensable it must be a personal injury that was received in the course of employment, and it must have resulted from that employment. *Barnett v. State Workmen's Comp. Comm'r*, 153 W. Va. 796, 172 S.E.2d 698 (1970). The record in this case clearly shows that Ms. Wykle suffers from bilateral carpal tunnel syndrome. However, the evidence fails to show that the condition resulted from her employment. Ms. Wykle has several nonoccupational risk factors for carpal tunnel syndrome, and her job duties are not consistent with those known to cause carpal tunnel syndrome such as awkward wrist positioning, high force repetitive movements, or the use of vibratory tools.

Affirmed.

**ISSUED: February 1, 2022**

**CONCURRED IN BY:**

Chief Justice John A. Hutchison
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice Evan H. Jenkins
Justice William R. Wooton